IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINELLE JOSEPH,<br><br>Plaintiff,<br><br>v.<br><br>ARTIS SENIOR LIVING MANAGEMENT, LLC and ARTIS SLM OF LOWER MAKEFIELD, LLC,<br><br>Defendants. | CIVIL ACTION NO. |

## **COMPLAINT**

Plaintiff Ginelle Joseph files this Complaint against Defendants Artis Senior Living Management, LLC and Artis SLM of Lower Makefield, LLC (collectively Defendants or "Artis SLM"), seeking relief from Artis SLM's violations of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*) and Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et seq.*), and in support states the following:

## **THE PARTIES**

1. Plaintiff Ginelle Joseph is an adult individual who resides in Levittown, Pennsylvania.

2. Defendant Artis Senior Living Management, LLC is a corporation organized under Delaware law with headquarters located at 1651 Old Meadow Rd, Suite 100, McLean, Virginia 22102.

3. Defendant Artis SLM of Lower Makefield, LLC is a corporation organized under Delaware law with headquarters located at 1651 Old Meadow Rd, Suite 100, McLean, Virginia 22102.

4. At all relevant times, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine. Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

5. At all relevant times, Defendants acted by and through its authorized agents, servants, workmen, and/or employees, who were acting within the course and scope of their employment with Artis SLM and in furtherance of Artis SLM's business.

6. At all relevant times, each Defendant was an employer as defined by the FMLA.

7. At all relevant times, each Defendant continuously employed more than 15 employees and was a covered employer as defined by Title VII.

8. At all relevant times, Joseph constituted an employee as defined by the FMLA and Title VII.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the claims of Joseph arise under the laws of the United States and Joseph is seeking redress for violations of federal laws.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Joseph claims occurred at a facility located at 765 Stony Hill Road, Morrisville, Pennsylvania 19067 which was managed and operated by Artis SLM.

**FACTUAL BACKGROUND**

11. Joseph is a Black woman with a national origin of Haiti.

12. In April 2024, Joseph began her employment with Artis SLM as Care Partner. Throughout her employment with Artis SLM, Joseph performed all the essential duties of her job and she performed them well.

13. Unfortunately, while she was under the supervision and management of Sherry Nikisher (Senior Executive Director for Artis SLM) and Kimberly Azim (Director of Health and Wellness), Joseph was constantly subjected to racially discriminatory and harassing behavior.

14. From the beginning of her employment with Artis SLM, Azim bullied Joseph by mocking her accent and her hair in front of patients and coworkers. Whenever Joseph spoke up at work, Azim would frequently belittle her and take steps to diminish her standing at work. For example, if Joseph asked a work-related question, Azim would openly chastise her for asking the question and mock her for needing help in front of patients and coworkers.

15. Joseph would also raise other work-related issues to Azim, Nikisher, and other Artis SLM representatives, such as

a. Insufficient staffing of the Artis SLM facility located at 765 Stony Hill Road;

b. Failure of Artis SLM to pay her and other coworkers wages whenever they worked through their break periods due to insufficient staffing at the 765 Stony Hill Road facility; and

c. Lifting patients throughout her shifts, which was not part of Joseph's job responsibilities, which resulted in Joseph suffering pain and work-related injuries.

16. In response, Azim and/or Nikisher would belittle Joseph and accuse her of being unable to do her job; feign an inability to understand Joseph's concerns because of her accent; belittle Joseph whenever she persistently raised any work-related concerns; and disparage Joseph's character to her coworkers.

17. In February 2026, Joseph was injured outside of work, which resulted in Joseph suffering from a serious health condition.

18. Joseph notified Artis SLM of her serious health condition, and Joseph was advised to apply for FMLA-protected leave.

19. On March 27, 2026, Joseph was approved for FMLA-protected leave through April 10, 2026.

20. On April 8, 2026, Artis SLM terminated Joseph's employment two days before her FMLA-protected leave was scheduled to end.

21. Artis SLM never directly notified Joseph that they were firing her. Instead, Artis SLM chose to remove Joseph's access to all work-related systems and simply updated her work status in the company's UKG app with the following information: "Terminated April 8, 2026."

22. By terminating Joseph's employment, Artis SLM failed to apply its workplace policies in a uniform and fair manner to all its employees.

23. It is believed that Artis SLM acted willfully and in reckless disregard of Joseph's rights under the FMLA by denying her use of her FMLA-protected leave when it terminated her employment on April 8, 2026, two days before her FMLA-protected leave was scheduled to end.

24. It is believed that Artis SLM acted willfully and in reckless disregard of Joseph's rights under Title VII by terminating her employment after subjecting her to years of racially discriminatory and harassing behavior because of her race and national origin.

25. It is believed that Artis SLM's treatment of Joseph, and specifically Azim's and Nikisher's treatment of Joseph, was part of an accepted pattern and practice of behavior by Defendants in which Black employees were demeaned and marginalized at work; subjected to racially discriminatory and harassing behavior; and forced to work shifts short-staffed as a way to get Black employees to quit their employment with Artis SLM.

26. On June 19, 2026, Joseph filed a Charge of Discrimination against Artis SLM with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII and the Pennsylvania Human Relations Act.

27. Joseph's Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

28. By letter dated July 20, 2026, the EEOC notified Joseph of her right to file a civil action against Artis SLM.

29. Joseph has initiated this civil action within 90 days of receiving the EEOC's Right to Sue letter.

30. Joseph has exhausted her administrative remedies under federal law.

## STATEMENT OF CLAIMS

### COUNT I
Violations of the FMLA
(Joseph v. Artis SLM)

31. Joseph incorporates by reference the allegations in Paragraphs 1 through 30, as if fully set forth herein.

32. By the actions described above, among others, Defendants interfered with Joseph's right to use her FMLA-protected leave by terminating her employment two days before her FMLA-protected leave was scheduled to end.

33. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Joseph has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

34. Defendants committed these unlawful acts with willful negligence, recklessness or a conscious disregard of Joseph's rights under the FMLA, for which Joseph is entitled to an award of liquidated damages.

**COUNT II**
Violations of the FMLA
(Joseph v. Artis SLM)

35. Joseph incorporates by reference the allegations in Paragraphs 1 through 34, as if fully set forth herein.

36. By the actions described above, among others, Defendants discriminated and/or retaliated against Joseph for using her FMLA-protected leave by terminating her employment.

37. As a direct and proximate result of the Defendant's unlawful conduct in violation of the FMLA, Joseph has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

38. Defendants committed these unlawful acts with willful negligence, recklessness or a conscious disregard of Joseph's rights under the FMLA, for which Joseph is entitled to an award of liquidated damages.

**COUNT III**
Violations of Title VII
(Joseph v. Artis SLM)

39. Joseph incorporates by reference the allegations in Paragraphs 1 through 38, as if fully set forth herein.

40. By the actions described above, among others, Defendants subjected Joseph to discrimination and a hostile work environment because of her race and national origin in violation of Title VII.

41. By the actions described above, among others, Defendants violated Title VII by subjecting Joseph to a known and accepted pattern and practice of behavior by Defendants in which Black employees were demeaned and marginalized at work; subjected to racially discriminatory and harassing behavior; and forced to work shifts short-staffed as a way to get Black employees to quit their employment with Artis SLM.

42. Joseph also pleads in the alternative to Count II that Defendants' reason for terminating her employment was due to her race and/or national origin.

43. Defendants committed these unlawful acts with willful negligence, recklessness or a conscious disregard of Joseph's rights under Title VII, for which Joseph is entitled to an award of punitive damages.

## REQUESTS FOR RELIEF

Accordingly, Joseph requests that this Court enter judgment on her behalf and enter an order directing the award of other relief, as follows:

A. Finding that Defendants were Joseph's joint and/or single employer;

B. Finding that Defendants violated the FMLA;

C. Finding that Defendants violated Title VII;

D. Awarding Joseph back pay, lost benefits, and other emoluments of employment and such other relief as is necessary to make her whole;

E. Ordering Defendants to reinstate Joseph to her former position, or in the alternative, an award of front pay damages;

F. Awarding Joseph compensatory damages;

G. Awarding Joseph liquidated damages;

H. Awarding Joseph punitive damages;

I. Awarding Joseph attorneys' fees and costs;

J. Awarding Joseph pre- and post-judgment interest as provided by law; and

K. Awarding Joseph any other relief to which she is entitled and/or which this Court deems necessary and proper.

**A jury trial is demanded for all claims triable by jury.**

Respectfully submitted,

/s/ Sammy Sugiura
Sammy Y. Sugiura
Greenberg Gross LLP
1650 Market Street, Suite 3600,
Philadelphia, PA 19103
SSugiura@GGTrialLaw.com

**Counsel for Plaintiff**